**Electronically Filed
Intermediate Court of Appeals
30390
31-MAY-2013
09:44 AM**

NO. 30390

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v. JERRICO LINDSEY, also
known as Rick, Defendant-Appellant, and REGINALD PETTWAY and
MELISSA ORDONEZ, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-0643)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge and Leonard, J.,
with Reifurth, J., concurring separately)

Defendant-Appellant Jerrico Lindsey (Lindsey) timely
appeals from the February 23, 2010 Judgment of Conviction and
Sentence of the Circuit Court of the First Circuit (Circuit
Court).[1]

On February 23, 2010, Lindsey was convicted and found
guilty of Count 1, Murder in the Second Degree in violation of
Hawaii Revised Statutes (HRS) § 707-701.5 (1993); Count 2,
Carrying or Use of a Firearm in the Commission of a Separate
Felony in violation of HRS § 134-21 (2011); Count 3, Place to
Keep Pistol or Revolver in violation of HRS § 134-25 (2011);
Count 4, Possession of Prohibited Firearm in violation of HRS
§ 134-8(a) (2011); Count 5, Possession of Prohibited Ammunition

---

[1]     The Honorable Steven S. Alm, presided.

in violation of HRS § 134-8(c) (2011);[2] Count 7, Burglary in the First Degree in violation of HRS § 708-810(1)(c) (1993); Count 8, Robbery in the First Degree in violation of HRS § 707-840(1)(b) (Supp. 2012); and Count 9, Kidnapping in violation of HRS § 707-720 (1993 and Supp. 2012). Lindsey was sentenced to a term of life imprisonment with the possibility of parole for Count 1, terms of twenty years incarceration each for Counts 2, 8, and 9, terms of ten years incarceration for Counts 3 and 7, and terms of five years incarceration for Counts 4 and 5. The sentences for Counts 2-9 were to be served consecutively to Count 1.

On appeal, Lindsey argues three main points: (1) the Circuit Court erroneously violated his speedy trial rights under Rule 48 of the Hawaiʻi Rules of Penal Procedure (HRPP), and the United States and Hawaiʻi Constitutions; (2) he was substantially prejudiced by the Circuit Court's error in replacing Juror #9 with an alternate on the third day of trial, because no effort was made to allow examination of that juror prior to the substitution, and no record or admissible factual basis was adduced to sustain the trial court's necessary finding that the juror was unable or disqualified to perform her duties; and (3) the Circuit Court erroneously deprived him of his statutory right to file a motion under HRPP Rule 33, where his inability to timely file such motion was caused by ineffective assistance of counsel, as well as the trial court's allowance of multiple withdrawal and substitutions of counsel preventing timely filing of any such motion.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Lindsey's points of error as follows:

---

[2] Lindsey was found not guilty of Count 6, Terroristic Threatening in the First Degree under HRS § 707-716(1)(d) (Supp. 2009).

(1) Lindsey has failed to establish a violation of his right to a speedy trial. HRPP Rule 48(b) "can be invoked only by a motion to dismiss made by the defendant." State v. McDowell, 66 Haw. 650, 651, 672 P.2d 554, 556 (1983) (abrogation on other grounds recognized by State v. Nesmith, 127 Hawai'i 48, 56, 276 P.3d 617, 625 (2012)). Lindsey does not dispute that he filed no written motion to dismiss. Without citation to persuasive authority, Lindsey claims that he brought an oral motion asserting his speedy trial rights and made repeated objections to the continuances of trial sufficient to invoke HRPP Rule 48. However, the failure to cite to HRPP Rule 48 or to explicitly move to dismiss failed to alert the State of the need to litigate the causes for the periods of delay or alert the Circuit Court of the need to determine the facts relevant to a ruling under that rule and Lindsey does not point to any efforts on his part to demand such a ruling. Therefore, he has waived any claim to relief under HRPP Rule 48 and has failed to show plain error on this record.

Lindsey has also failed to demonstrate that his constitutional rights to a speedy trial were violated. Hawai'i courts have applied the four-part test articulated in Barker v. Wingo, 407 U.S. 514 (1972) to determine whether an accused's constitutional right to a speedy trial has been violated. State v. Almeida, 54 Haw. 443, 447, 509 P.2d 549, 552 (1973); State v. Dwyer, 78 Hawai'i 367, 371, 893 P.2d 795, 799 (1995). The four factors to be considered are: (1) length of delay; (2) reasons for the delay; (3) defendant's assertion of his or her right to a speedy trial; and (4) prejudice to the defendant. Id.

Consideration of the four Barker factors together finds that they weigh strongly toward the State. Lindsey did not move to dismiss based on speedy trial grounds, although he did object to the continuances granted. While the length of delay was substantial, it was not purposeful and was based on valid reasons. Barker, 407 U.S. at 531. Finally, Lindsey identifies no prejudice apart from the length of his pretrial detention that

was caused by the delay.  Thus, we conclude no plain error occurred here.

(2) Lindsey's juror selection arguments fail.  A "sound basis" supported by "sufficient facts demonstrating that [the] juror [] was unable to fulfill his duties" existed for dismissing Juror #9.  State v. Crisostomo, 94 Hawaiʻi 282, 289, 12 P.3d 873, 880 (2000).  Mirroring the Federal Rules of Criminal Procedure (FRCrP) Rule 24(c), HRPP Rule 24(c) has been interpreted as authorizing "the trial court, in its sound discretion, [to] remove an absent juror and substitute an alternate juror whenever facts are presented which convince the trial judge that the juror's ability to perform his or her duty as a juror is impaired."  Crisostomo 94 Hawaiʻi at 288, 12 P.3d at 879 (quoting U.S. v. Rodriquez, 573 F.2d 330, 332 (5th Cir. 1978)) (internal brackets and quotation marks omitted).  The Fifth Circuit in Rodriquez held that a juror's "absence manifestly interferes with the prompt trial of a case," and thus, "when a juror is absent from court for sufficiently long to interfere with the reasonable dispatch of business, there may be a 'sound' basis" upon which the trial judge exercised his discretion.[3]  Rodriquez, 573 F.2d at 332.  Citing Rodriquez, the Hawaiʻi Supreme Court held that a trial court's concern about delay was a sound basis for replacing an absent juror.  Crisostomo, 94 Hawaiʻi at 288-89, 12 P.3d at 879-80.  An absent juror is an immediately observable fact that does not require a hearing.  Id.

Mirroring the situation in Crisostomo, Juror #9 was still at home when trial was set to begin for the day.[4]  The

_____

[3]    In Rodriquez, before being replaced, the juror had informed the court that he would be attending work, rather than returning to court that day.  573 F.2d at 332.

[4]    During the discussion at the September 23, 2009 proceeding, the Circuit Court stated that it believed that Juror #9 lived in Kapolei.  The juror in Crisostomo was in Ewa Beach when trial commenced for the day.  It appears that Juror #9 called the Circuit Court at 8 a.m.  It is not clear from the opinion when the trial court in Crisostomo became aware  the subject juror was not present for the resumption of trial.  94 Hawaiʻi at 284, 12 P.3d at 882.

proceedings would have been further delayed if the court waited for the juror to come in, and all of the other jurors, including the alternate, were present. See Crisostomo at 288-289, 12 P.3d at 879-880. Moreover, even after Juror #9 appeared, a hearing regarding her ability to serve would still be necessary causing further delay. Juror #9's absence was itself the sound basis for replacement.

Lindsey's argument that he was entitled to the particular jurors seated fails. The alternate juror was previously qualified by both parties and Lindsey fails to demonstrate any prejudice to him in allowing the alternate juror to be seated in place of Juror #9. Lindsey provides no evidence to refute the presumption that the alternate juror would be impartial and would follow the Circuit Court's instructions. See State v. Keohokapu, 127 Hawai'i 91, 112-13, 276 P.3d 660, 681-82 (2012). The Circuit Court did not abuse its discretion in determining that proceeding with one of the four available alternate jurors was the best course of action.

(3) There was insufficient showing that trial counsel for Lindsey was ineffective. In order to be effective, the performance of defense counsel must be "within the range of competence demanded of attorneys in criminal cases." State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (internal quotation marks omitted). The "defendant has the burden of establishing ineffective assistance of counsel." State v. Silva, 75 Haw. 419, 440, 864 P.2d 583, 593 (1993) (citation omitted).

The mere fact that a HRPP Rule 33 motion for a new trial was not filed despite Lindsey's desire to do so based on his claims of new evidence is not prima facie evidence of ineffective assistance of counsel. Lindsey fails to meet his burden of demonstrating that not bringing a motion for a new trial was not a tactical decision on the part of his counsel, or due to his counsel's belief that such a motion lacked sufficient basis. This court has held that "[w]here an ineffective assistance claim is based on counsel's failure to obtain a

witness, the defendant must produce affidavits or sworn statements describing the testimony of the proffered witnesses." State v. Forman, 125 Hawai'i 417, 425-26, 263 P.3d 127, 135-36 (App. 2011) (citing State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998)). No such sworn statements have been provided by Lindsey.

Due to the lack of evidence included with the record, we cannot evaluate Lindsey's argument that "in the interests of justice," a new trial was appropriate due to newly discovered evidence. Because Lindsey provides no evidence in support of his claim that a new trial was warranted, we cannot say that his counsel was ineffective in not moving for a new trial based on his claim of new evidence.

Therefore,

IT IS HEREBY ORDERED that the February 23, 2010 Final Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed, without prejudice to the filing of a petition to examine Lindsey's claim of ineffective assistance of counsel.

DATED: Honolulu, Hawai'i, May 31, 2013.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
Daisy Lynn B. Hartsfield,
Zeina Jafar, and
Ericka Shea Hunter,
for Defendant-Appellant.

Presiding Judge

Associate Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

CONCURRING OPINION BY REIFURTH, J.

I agree with the majority's disposition of Lindsey's appeal, but have two reservations concerning the analysis of Lindsey's first point of error. Therefore, I concur separately.

Regarding an alleged violation of Hawaiʻi Rules of Penal Procedure Rule 48 ("Rule 48"), the majority concludes that Lindsey "has failed to show plain error on this record." Summ. Disp. Order at 3. It is not apparent to me that a violation of Rule 48 is amenable to review absent a motion to dismiss. Therefore, I would conclude that it is not subject to plain-error review.

Rule 48 accords defendants the right to seek dismissal if they are not brought to trial within six months. Haw. R. Pen. P. 48. But unlike other speedy-trial schemes,[1] it does not compel courts to bring defendants to trial within any given time frame (irrespective of excludable periods). It does not proscribe excessive delay; rather, it provides courts with an incentive to mitigate undue delays. The only opportunity for error in contravention of Rule 48 is upon a motion to dismiss pursuant to that rule. Absent such a motion, I would conclude that there can be no error.

Regarding Lindsey's constitutional speedy-trial rights, the balance of *Barker* factors, *see Barker v. Wingo*, 407 U.S. 514 (1972), in my opinion, does not "weigh strongly toward the State." Summ. Disp. Order at 3. The majority appears to count against Lindsey the fact that he did not assert a violation of his rights. That fact, however, merely shifts our mode of review into one for plain error; it is not evidence that Lindsey failed to assert the right. *See Barker*, 407 U.S. at 530 (identifying the third factor as "the defendant's assertion of his right"). Indeed, through his emphatic objections to multiple continuances and express readiness to go to trial, Lindsey consistently "manifest[ed] his desire to be tried promptly." *United States v. Frye*, 489 F.3d 201, 212 (5th Cir. 2007) (quoting *United States v. Litton Sys., Inc.* 722 F2d 264, 271 (5th Cir. 1984) (internal

---

[1] For example, the federal Speedy Trial Act explicitly requires that courts bring defendants to trial within a prescribed period of time. *See* 18 U.S.C. § 3161 (2012).

quotation marks omitted)); *cf. State v. Wasson*, 76 Hawai'i 415, 421, 879 P.2d 520, 526 (1994) (concluding that a motion to dismiss on speedy trial grounds is not evidence of an actual desire to be tried promptly).

Furthermore, while most, if not all, of the delay in bringing the case to trial was justifiable,[2] none of it was attributable to Lindsey. I would weigh this factor, then, neutrally, if not slightly against the State. *See Wasson*, 76 Hawai'i at 420, 879 P.2d at 525; *see also United States v. Gomez*, 67 F.3d 1515, 1522 (10th Cir. 1995) ("[W]hile the delay attributable to trial preparation and substitution of counsel weighs against the government, it is not substantial.").

Ultimately, however, because Lindsey fails to identify any possibly prejudicial impairment of his defense, I cannot say that the Circuit Court plainly erred here. *See Barker*, 407 U.S. at 532 (recognizing such impairment as the most serious interest protected by the speedy trial right); *cf. United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003) ("[I]f the government diligently pursues a defendant from indictment to arrest, prejudice will never be presumed." (citing *Doggett v. United States*, 505 U.S. 647, 656 (1992))).

As a result, these reservations notwithstanding, I respectfully concur.

*Lawrence M Reifurth*

---

[2] Lindsey does not specifically allege that the Circuit Court erred in declining to sever his trial. The Circuit Court, however, appeared to accord minimal weight to Lindsey's speedy-trial concerns notwithstanding Lindsey's strenuous objection to another continuance and concomitant oral motion for severance. Even if, in such circumstances, Lindsey's speedy-trial right might have warranted greater consideration, *see State v. Iniguez*, 217 P.3d 768, 778-779 & n.10 (Wash. 2009) (en banc), I would not find plain error.